**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO MONTES-RAMIREZ, | No. 22-1467 |
| Petitioner, | Agency No. A072-228-513 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2023**
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Julio Montes-Ramirez petitions for review of a decision by the Board of

Immigration Appeals ("BIA"), which determined that the immigration judge

("IJ") lacked jurisdiction to reopen his reinstated prior removal order. Our

jurisdiction is "limited to determining whether the BIA erred in concluding that

the IJ lacked jurisdiction." *Bravo-Bravo v. Garland*, 54 F.4th 634, 640 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2022).

*Bravo-Bravo* controls.  There, the petitioner made the same arguments that Montes-Ramirez makes here: (1) the IJ had jurisdiction to consider his motion to reopen the reinstated prior removal order because "his underlying conviction, which served as the sole predicate for his removal, was expunged" on constitutional grounds, and (2) the agency erred by failing to exercise its sua sponte reopening authority.  *Id.*  We rejected both arguments.  We held that 8 U.S.C. § 1231(a)(5) stripped the IJ and BIA of jurisdiction to consider the petitioner's motion to reopen based on the expunged conviction.  *Id.*  We also held that the agency's sua sponte reopening authority under the regulations could not trump § 1231(a)(5)'s jurisdictional bar.  *Id.* at 640–41.  Thus, the BIA here correctly determined that the IJ lacked jurisdiction under § 1231(a)(5).

The motion for a stay of removal is denied.  Dkt. No. 3.  The temporary stay of removal is lifted.

**PETITION DENIED.**

22-1467